**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**CHING TANG LO, aka Ching Lo; etc., Defendant–Appellant.**

**No. 07–50035.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2008.*

Filed May 19, 2008.

Peter A. Hernandez, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

David J. Zugman, for Defendant–Appellant.

Ching Tang Lo, pro se.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM **

Ching Tang Lo appeals the 140–month sentence he received from the district court following a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. "We review a district court's interpretations of the federal Sentencing Guidelines de novo, its factual determinations for clear error, and its application of the Sentencing Guidelines to the facts as it has found them for abuse of discretion." *United States v. Rising Sun,* 522 F.3d 989, 993 (9th Cir.2008).

Lo argues that the district court erroneously calculated his Base Offense Level at 38 and that the government should have been required to show by clear and convincing evidence that Lo intended or reasonably believed that the ma huang in all of the barrels counted in his sentence were to be used to make controlled substances. "We have applied the preponderance of the evidence standard where an increase in sentence is based on the *extent of a conspiracy* as opposed to uncharged conduct." *United States v. Melchor–Zaragoza,* 351 F.3d 925, 929 (9th Cir.2003) (emphasis in original). The preponderance of the evidence supports the finding that Lo is accountable for all of the barrels of ma huang involved in the conspiracy, not just the three barrels originally discussed. *See United States v. Ching Tang Lo,* 447 F.3d 1212, 1227 (9th Cir.2006) (citing "compelling evidence that Kuan and Lo actually believed that the huge volume of ma huang extract they were hiding in storage units was going to be used to manufacture methamphetamine and that they were trying to hide their unlawful conduct").

Lo further asserts that the district court clearly erred in refusing to grant him a role reduction pursuant to U.S.S.G. §§ 3B1.2 and 1B1.1(c) because, he says, "[t]here are many more persons that were much more culpable in the chain of production of methamphetamine, from the actual drug owner, to the drug seller, to the cook, and the list goes on." For a role reduction, "the established rule in this circuit is that '[t]he relevant comparison is between the defendant's conduct and that of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

other participants *in the same offense.*'" *United States v. Rojas-Millan,* 234 F.3d 464, 473 (9th Cir.2000) (quoting *United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1267 (9th Cir.1998)) (emphasis added). Lo's convictions related solely to the illegal distribution of ephedrine and MDP-2-P, and to *aiding and abetting* the manufacture of methamphetamine and MDMA, not to the actual manufacture or distribution of the finished products themselves. Lo does not argue that the district court erred by not weighing his role against that of his ex-wife; and there is no one else involved in his crimes with whom he could have been compared.

Finally, Lo argues that the 140-month sentence is unreasonable in light of 18 U.S.C. § 3553(a). We are unpersuaded. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines." *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008), *petition for cert. filed,* No. 07-10482 (Apr. 16, 2008). The district judge stated on the record that he had considered the § 3553 sentencing factors; then, after having determined that the applicable sentencing range for Lo was 188 to 235 months, the judge imposed a significantly lower sentence. We hold that the sentence is reasonable.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.